**AFFIRMED as MODIFIED and Opinion Filed June 28, 2024**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-23-00294-CR**
**No. 05-23-00295-CR**

**BRUCE LEROY RAYMOS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 199-83209-2022, 199-83208-2022**

## MEMORANDUM OPINION

Before Justices Reichek, Miskel, and Breedlove
Opinion by Justice Reichek

Bruce Leroy Raymos appeals his convictions for (1) possession with intent to deliver cocaine in an amount of one gram or more but less than four grams, and (2) possession with intent to deliver methamphetamine in an amount of four grams or more but less than two hundred grams. Appellant contends the evidence was insufficient to show the penalty group for either of the alleged controlled substances, and the court's charge improperly allowed the jury to convict him based on possession of a controlled substance in a penalty group other than group one. Appellant additionally asserts the trial court's judgment should be modified to

correctly reflect his pleas to the enhancement paragraphs. We agree the judgments should be modified in the manner requested and, as reformed, we affirm.

In his first and third issues, appellant contends the evidence is insufficient to support his convictions because the State failed to prove that cocaine and methamphetamine are penalty group one controlled substances. Appellant acknowledges this Court has previously held that the penalty group of a controlled substance is not an element of the offense the State is required to prove. *See Roberson v. State*, No. 05-15-00550-CR, 2016 WL 3517937, at *2 (Tex. App.—Dallas June 20, 2016, no pet.) (mem. op., not designated for publication). Because the opinion was unpublished, however, appellant urges us to reconsider our holding based on a more recent opinion out of this Court. We decline to do so.

Appellant relies on our opinion in *Engelke v. State*, No. 05-21-01077-CR, 2023 WL 3613731 (Tex. App.—Dallas May 24, 2023, no pet.) (mem. op., not designated for publication) to support his positon that the penalty group of a controlled substance is an essential element of the offense. Appellant cites the portion of the opinion stating that "[a] hypothetically correct jury charge for possession of a penalty group 1 controlled substance with intent to deliver states: a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1 between four grams or more but less than 200 grams." *Id*. at *2. In setting forth the hypothetically correct jury charge, the opinion did not, as appellant suggests, hold

–2–

that the penalty group is an essential element of the offense. Rather the opinion used the term "Penalty Group 1" to broadly refer to all controlled substances within that group. The penalty group to which a controlled substance is allocated is determined by the Texas Legislature and is a question of law, not fact. *Plumlee v. State*, No. 02-17-00174-CR, 2018 WL 3153543, at *5 (Tex. App.—Fort Worth June 28, 2018, pet, ref'd) (mem. op., not designated for publication). Once the State proves the specific controlled substance possessed by the defendant, it necessarily proves the penalty group applicable to the offense. *See Cleveland v. State*, No. 05-19-00515-CR, 2020 WL 2059912, at *1 (Tex. App.—Dallas Apr. 29, 2020, no pet.) (mem. op., not designated for publication). We resolve appellant's first and third issues against him.

In his second and fourth issues, appellant contends the court's charge erroneously asked the jury to determine whether he possessed with intent to deliver a "controlled substance" which was defined as "a substance, including a drug, an adulterant, and a dilutant, listed in Schedules I through V or Penalty Group 1, 1-A, 1-B, 2, 2-A, 3, or 4." Because the definition of the term "controlled substance" included multiple penalty groups, and there was no evidence presented to show the penalty group applicable to either cocaine or methamphetamine, appellant contends the jury could have convicted him for possessing a controlled substance under the wrong penalty group.

Contrary to appellant's assertion, the court's charge did not simply ask the jury to determine whether he possessed a controlled substance. The jury was asked specifically to find whether appellant possessed cocaine and methamphetamine with intent to deliver them. As discussed above, the State did not need to prove the penalty group applicable to these drugs because the penalty group for each is a matter of law, not a fact issue for the jury. *Id*. Once the jury found appellant possessed cocaine and methamphetamine, they necessarily found he possessed controlled substances in penalty group one. *See id.* We conclude the court's charge properly instructed the jury. We resolve appellant's second and fourth issues against him.

In his fifth issue, appellant contends the judgments in each case should be modified to reflect that he pleaded "true" to the enhancement paragraphs in the indictments. We agree. We have the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Accordingly, in both trial court cause number 199-83209-2022 and trial court cause number 199-83208-2022, we modify the judgment to delete the word "NOT" in the section for "1st Enhancement Paragraph," thereby revising the entry to read to "PLEADED TRUE."

As reformed, the judgment is affirmed.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230294F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRUCE LEROY RAYMOS,
Appellant

No. 05-23-00294-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-83209-
2022.
Opinion delivered by Justice
Reichek. Justices Miskel and
Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

In the section of the judgment for "1st Enhancement Paragraph," we strike the word "NOT" thereby revising the entry to read "PLEADED TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 28, 2024



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRUCE LEROY RAYMOS,
Appellant

No. 05-23-00295-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-83208-
2022.
Opinion delivered by Justice
Reichek. Justices Miskel and
Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

In the section of the judgment for "1st Enhancement Paragraph," we
strike the word "NOT" thereby revising the entry to read "PLEADED
TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 28, 2024